UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WORLDCOM, INC.<br>SECURITIES LITIGATION : | MASTER FILE NO.<br>02 Civ. 3288 (DLC) |

This Document Relates to:

| | | |
|---|---|---|
| 02 Civ. 3288 | 02 Civ. 4973 | 02 Civ. 8230 |
| 02 Civ. 3416 | 02 Civ. 4990 | 02 Civ. 8234 |
| 02 Civ. 3419 | 02 Civ. 5057 | 02 Civ. 9513 |
| 02 Civ. 3508 | 02 Civ. 5071 | 02 Civ. 9514 |
| 02 Civ. 3537 | 02 Civ. 5087 | 02 Civ. 9515 |
| 02 Civ. 3647 | 02 Civ. 5108 | 02 Civ. 9516 |
| 02 Civ. 3750 | 02 Civ. 5224 | 02 Civ. 9519 |
| 02 Civ. 3771 | 02 Civ. 5285 | 02 Civ. 9521 |
| 02 Civ. 4719 | 02 Civ. 8226 | 03 Civ. 2841 |
| 02 Civ. 4945 | 02 Civ. 8227 | 03 Civ. 3592 |
| 02 Civ. 4946 | 02 Civ. 8228 | 03 Civ. 6229 |
| 02 Civ. 4958 | 02 Civ. 8229 | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/09

## [RE-REVISED PROPOSED] ORDER APPROVING FINAL DISTRIBUTION PLAN

Lead Plaintiff, by motion filed on April 21, 2009, on notice to Defendants' Counsel and all Disputed Rejected Claimants and Payment Objectors (each as defined in the Declaration of Shandarese Garr in Support of Lead Plaintiff's Motion For Approval of Final Distribution Plan (the "Garr Declaration")), moved this Court for an order approving a final distribution plan for the Net Settlement Fund, and the Court having considered all the materials and arguments submitted in support of this motion, including (i) the Garr Declaration submitted therewith; (ii) the responses thereto submitted by Disputed Rejected Claimants and Payment Objectors; (iii) the Reply Declaration of Shandarese Garr in Further Support of Lead Plaintiff's Motion For Approval of Final Distribution Plan (the "Garr Reply Final Distribution Declaration"); (iv) the July 7, 2009 letter to the Court from Sandra Kaye Brogden; (v) the July 22, 2009 notarized letter to the Court from Stephen A. Hochman; (vi) the Supplemental Reply Declaration of Shandarese

Garr in Further Support of Lead Plaintiff's Motion for Approval of Final Distribution Plan; (vii) the Declaration of Shandarese Garr Concerning Certain Payment Objectors; (viii) the September 2, 2009 response from Patrick Dominick, and (viii) Lead Plaintiff's Report Pursuant to Order Entered July 29, 2009;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Stipulations and all terms used herein shall have the same meanings as set forth in the Stipulations.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members, Disputed Rejected Claimants and Payment Objectors.

3. Lead Plaintiff's plan for final distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly,

   a. The Claims Administrator's administrative recommendations concerning the Disputed Rejected Claims and Payment Objections are adopted, as set forth in the Court's Orders dated September 14, 2009 (docket numbers 3342, 3343, 3344, 3345 and 3346), with the exception of the objection submitted by Bruce and Louise Barber, which has not yet been adjudicated, and as to which the Court will issue a separate Order. Additionally, the Court hereby approves the Claims Administrator's administrative recommendations concerning Late Claims and Adjusted Claims, as set forth in the Garr Reply Final Distribution Declaration, and the Claims Administrator's administrative recommendations concerning Claims-in-Process, as set forth in the Garr Final Distribution Declaration.

b.  Stale dated checks (as described in the Garr Final Distribution Declaration) shall be addressed as follows: (i) all stale dated checks shall become void 30 days after notification is provided to Authorized Claimants whose Distribution checks are greater than $100.00, (ii) all currently non-stale uncashed checks shall become void upon becoming stale (with notification sent to Authorized Claimants whose Distribution checks are greater than $100.00); and (iii) all funds remaining for such stale checks shall be irrevocably forfeited with such funds made available to be redistributed.

c.  Lead Counsel shall conduct a notification program to Authorized Claimants whose Distribution checks greater than $100.00 remain uncashed to inform them that, unless they cash their checks, they will irrevocably forfeit their recovery from the Settlements, as follows:

i)  Mail letters to all Authorized Claimants whose Initial or Second Distribution checks greater than $100.00 are stale-dated notifying them that, unless they cash those checks within thirty (30) days of the date of the notification letter, they will irrevocably forfeit all recovery from the Settlements; and

ii)  Mail letters to all Authorized Claimants whose Initial or Second Distribution checks greater than $100.00 are not yet stale-dated notifying them that, unless they cash those checks within thirty (30) days of the date of the notification letter, they will irrevocably forfeit all recovery from the Settlements.

Any Authorized Claimant who seeks to have his, her or its check reissued as a result of this notification process will be informed at the time the reissue request is made that the reissued check will become irrevocably void 30 days after it is issued.

d.  The Claims Administrator shall pay all Authorized Claimants who were not included in the Distributions (*e.g.,* accepted Late Claims, Claims-in-Process and

Adjusted Claims[1]) their *pro rata* shares of the Initial Distribution and Second Distribution amounts (the "Catch-Up Payments").

  e. Lead Counsel shall conduct a third distribution of the Net Settlement Fund (the "Third Distribution"), pursuant to which the remaining Net Settlement Fund, after deducting the estimated costs of such distribution, and after the payment of any estimated taxes and the costs of preparing appropriate tax returns, will be made to Authorized Claimants who will receive at least $5.00 and either have cashed their Initial and Second Distribution checks, or are receiving Catch-Up Payments.

  f. If cost effective, not less than six months after the Third Distribution is conducted, a further distribution of the Net Settlement Fund shall be made, pursuant to which all funds from undeliverable, uncashed, or returned checks, after payment of any unpaid costs or fees incurred or to be incurred in connection with administering the Net Settlement Fund, shall be paid to Authorized Claimants who cashed their Third Distribution checks and who would receive at least an amount established by Lead Plaintiff to address cost benefit issues, with additional redistributions thereafter in six-month intervals until GCG and Lead Plaintiff determine that further redistribution is not cost-effective.

  g. At such time as GCG and Lead Plaintiff determine that further redistribution is not cost-effective, the balance of the Net Settlement Fund, after payment of any unpaid costs or fees incurred in connection with administering the Net Settlement

---

[1] This also includes payment to Authorized Claimants who, at the time of the Second Distribution, had not yet cashed their Initial Distribution checks and therefore did not receive a Second Distribution check, but who have since obtained and cashed reissued Initial Distribution checks.

Fund, shall be donated to non-sectarian, not-for-profit, 501(c)(3) organization(s) recommended by Lead Plaintiff and approved by the Court.

  h. No further Claim Forms may be accepted, and no further adjustments to Claims may be made for any reason after the submission of the Garr Reply Final Distribution Declaration.

  i. The Claims Administrator may destroy paper copies of Proofs of Claim immediately, and may destroy electronic copies of claim records two years after all appeals of this Order Approving Final Distribution Plan are resolved, or the time for any such appeals has lapsed.

  j. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund (the "Released Persons") are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the Released Persons beyond the amount allocated to them as provided in the Court's distribution orders.

  k. This Court retains jurisdiction over any further application or matter which may arise in connection with the Settlements.

SO ORDERED:

Dated: New York, New York
    September 18, 2009

                 _____
                  DENISE COTE
                  United States District Judge

408993.5

**Copies Sent To:**

**John Patrick Coffey**
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019

**Shandarese Garr**
The Garden City Group, Inc.
105 Maxess Road
Melville, New York 11747

**Jeffrey Golan**
Barrack, Rodos & Bacine
2001 Market Street
3300 Commerce Square
Philadelphia, PA 19103